12832

CALDWELL v. HERRING

(151 S. E., 569)

*Messrs. McColl & Stevenson,* for appellant.

*Mr. J. K. Owens,* for respondent,

February 7, 1930.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action on contract. The plaintiff alleges that on September 6, 1919, he entered into an agreement with one H. C. Herring, whereby he undertook to build certain additions to the latter's residence in the Town of Clio, for which he was to be paid $2,750; that before the work was completed Herring died, leaving his widow, the defendant in this case; that after the death of Herring, and before completion of the contract by plaintiff, the defendant, desiring to have certain work done on the house not stipulated for in the contract, approached the plaintiff, and they entered into an agreement that such additional work should be performed by the plaintiff, "who was to assume the expense of the labor and material necessary for the completion of the said work and to receive as his commissions therefor the sum of 10 per cent. on his necessary expenditures for the same, the contract then and there entered into between the plaintiff and the defendant being known as a 'cost plus' contract;" that, after the completion of the work covered by the original contract, plaintiff carried out the contract made between him and the defendant, by performing all work and supplying all materials necessary to accomplish the results specified by the defendant to be accomplished;"

that the contract was completed by the plaintiff in May, 1920, and that the defendant made certain payments which were applied to the extinguishment of the amount owing on the contract between plaintiff and Herring, and as credits on the contract between plaintiff and defendant, leaving a balance due and owing on the latter of $2,047.43. Itemized statements, showing the costs of materials purchased and work done by plaintiff under his contract with the defendant, were attached to the complaint.

The defendant, by her answer, admitted that the plaintiff made a contract with her husband to build certain additions to his residence for the sum of $2,750, and that this sum had been fully paid, but denied the terms of her contract with the plaintiff as set out in the complaint. On the contrary, she alleged that "in the original agreement the defendant was given the right to make changes during the progress of the work, the price of the different or new work to be agreed upon by both parties at the time of making the change; that, in pursuance of this provision of the contract, the defendant and the plaintiff did agree upon certain changes and additional work, not upon the terms set up in the complaint, but by a definite verbal agreement, under and by which plaintiff promised and pledged to do all the work and furnish all the material for the changes and additions to the dining room, the bedroom, and the old part of the hall, for the sum of Three Hundred and Twenty-five ($325.00) Dollars, and that the plaintiff, by a written contract, did promise and agree to do the other additional work at and for the complete price of Four Hundred and Thirteen and 61/100 ($413.61) Dollars; that consequently the defendant was due the plaintiff, for all work performed by him, the sum of Thirty-four Hundred and Eighty-eight and 61/100 ($3,448.61) Dollars." She further alleged that, on account of the constant importunities of the plaintiff for advances and other payments in anticipation of the perfor-

mance of the work, etc., she overpaid him the sum of $34.47, for which she asked judgment by way of counterclaim.

The case was tried in June, 1927, in the Court of Common Pleas for Marlboro County, before Hon. C. C. Simms, Special Judge, and a jury, and resulted in a verdict for the plaintiff for $1,000. From judgment entered on the verdict, the defendant appeals.

The appellant complains that the presiding Judge committed error in refusing her motion for a new trial, made on the ground that the verdict was contrary to the overwhelming weight of the evidence. Counsel for appellant argues with great earnestness that the judgment should be reversed on this ground, pointing out certain testimony as convincing proof that there was a miscarriage of justice. It would serve no useful purpose to review the testimony. We have examined it carefully, and find that on the issues made by the evidence was a sharp conflict. There being some testimony to support the verdict, the Court's refusal to grant a new trial was not error of law. *Brewer v. Railway Co.*, 149 S. C., 454, 147 S. E., 596.

Error is also imputed to the trial Judge in striking out defendant's counterclaim. Under the pleadings, we think it was properly disallowed by the Court.

Exception is also taken to certain instructions of the Court as being a charge on the facts. This objection is without merit. In giving the instructions complained of, the trial Judge was stating the issues in the case as to the terms of the contract between the parties, and he made no reference to facts as such except to undisputed facts—which was not error. And he correctly told the jury, after stating the issues, that it was for them to say, under the testimony, what was the contract between the parties, and where it ended with the husband and commenced with the defendant, and that this was to be determined from the testimony and was a matter entirely for them.

All exceptions are overruled, and the judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE and CARTER concur.